# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JASON WARE, | CASE NO. 1:10-cv-01113-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| ANIL GUPTA, et al., | |
| Defendants. | Doc. 30 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History**

On June 21, 2010, Plaintiff Michael Jason Ware ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On March 17, 2010, the Court found a cognizable Eighth Amendment claim for deliberate indifference to medical need against Defendant Albano, for failing to treat Plaintiff's hand after a basketball injury. Doc. 9. On July 8, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's &*

1 *Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 21. On November 14, 2011, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 30. On November 29, 2011, Plaintiff filed an opposition to Defendant's motion to dismiss. Doc. 31. On December 5, 2011, Defendant filed a reply to Plaintiff's opposition. Doc. 32.

## II. Motion to Dismiss for Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 435 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

1   from the date the administrative decision or action being complained of, and proceed through several
2   levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2)
3   first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal
4   level appeal filed with the institution head or designee; and (4) third formal level appeal filed with
5   the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262,
6   1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v.*
7   *Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed
8   more than fifteen working days after deadline).

9         Non-exhaustion under § 1997e(a) is an affirmative defense, which should be brought by the
10  defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).
11  *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. In deciding a motion to dismiss for failure to
12  exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed
13  issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to
14  exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

15        **B. Analysis**

16        Plaintiff did not pursue an appeal regarding the allegations in this complaint, i.e, failure of
17  Defendant Albano to treat Plaintiff's hand after a basketball injury, through the third level of review,
18  in accordance with requirements for exhaustion. *See* Pl. Opp'n. at 3, Doc. 31; *see also* Def. Mot.
19  Dismiss, Foston Decl. at 2-3 & Beasley Decl. at 3, Doc. 30.

20        In Plaintiff's opposition, he concedes failure to exhaust but contends that the Court should
21  exempt Plaintiff from exhaustion due to Defendant's lies. *See* Pl. Opp'n. at 3, Doc. 31. *See Booth*,
22  532 U.S. at 741 n.6 ("[W]e stress the point . . . that we will not read futility or other exceptions into
23  statutory exhaustion requirements where Congress has provided otherwise.") *See Douglas v. Johns*,
24  2011 WL 2173627, at *2 (E.D. N.C. June 2, 2011) (Regional Director's failure to respond to
25  grievance did not excuse exhaustion; under section 542.18 "plaintiff should have treated the lack of
26  response as a denial of his request, and was obligated to appeal that denial to the next level of the
27  administrative process in order to properly exhaust his remedies"); *Buckley v. Pearsons*, 2011 WL
28  3022539, at *2 (S.D. Miss. May 25, 2011), adopted, 2011 WL 3022531 (S.D. Miss. July 22, 2011)

(federal inmate who did not receive response to informal resolution request, but who did not appeal to next level of review, did not exhaust); *Crum v. Attorney General*, 2007 WL 781935, at *6 (S.D. W. Va. Mar.13, 2007), aff'd, 282 Fed. App'x 223 (4th Cir. 2008) ("The Regional Office's failure to provide a response to his administrative remedy appeal does not excuse an inmate from proceeding to the next step of the administrative remedy process . . ."); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003) (exhaustion not excused where director of corrections informed prisoner how to proceed when prisoner did not receive response from warden, but prisoner did not follow that procedure). A plaintiff must file a new administrative challenge to an allegedly improper screen-out of his appeal. *See* Cal. Code Regs. tit. 15, § 3084.1. *See White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (if prisoner does not receive timely response to grievance, and higher-stage appeal is available, then prisoner must file an appeal in order to exhaust claim).

In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies is necessary." *Id.* at 84. While the Supreme Court recognized that this may be harsh, it noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

There is no record before this Court that Plaintiff pursued an appeal regarding the allegations in this complaint, i.e, failure of Defendant Albano to treat Plaintiff's hand after a basketball injury, through the third level of review, in accordance with requirements for exhaustion. Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendant prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

//

//

//

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed November 14, 2011, is GRANTED;
2. This action is DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a); and
3. The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 13, 2012

UNITED STATES MAGISTRATE JUDGE