# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JASON WARE, | CASE NO. 1:10-cv-01113-AWI-GBC (PC) |
| Plaintiff, | ORDER PROVIDING PLAINTIFF OPTION TO (1) STAND ON EXISTING OPPOSITION OR (2) FILE AMENDED OPPOSITION PER SEPARATELY-ISSUED AMENDED SECOND INFORMATIONAL ORDER AND NOTICE |
| v. | |
| ANIL GUPTA, et al., | |
| Defendants. | Doc. 31 |
| / | TWENTY-ONE DAY DEADLINE |

**I. Procedural History**

On June 21, 2010, Plaintiff Michael Jason Ware ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June 10, 2011, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of willingness to proceed on his cognizable Eighth Amendment claim for deliberate indifference to medical need against Defendant Nurse Albano, for failing to treat Plaintiff's hand after a basketball injury. Doc. 9. On June 21, 2011, Plaintiff notified the Court of his willingness to proceed on his cognizable claim for Eighth Amendment deliberate indifference. Doc. 10. On June 24, 2011, the Court dismissed Plaintiff's remaining claims and defendants Anil Gupta and Director of Corrections. Doc. 14. On July 8, 2011, the Court issued a second informational order, advising Plaintiff that Defendant may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in

1 order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 21. On November 14, 2011, Defendant filed a Motion to Dismiss for failure to exhaust administrative remedies. Doc. 30. On November 29, 2011, Plaintiff filed an Opposition to Defendant's motion to dismiss. Doc. 31. On December 5, 2011, Defendant filed a Reply to Plaintiff's opposition. Doc. 32. On April 13, 2012, the Court issued Findings and Recommendations, recommending granting the Defendant's motion to dismiss, for failure to exhaust administrative remedies. Doc. 33. On April 30, 2012, Plaintiff filed Objections. Doc. 34.

## II. *Woods v. Carey* and Contemporaneous Notice

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). On July 8, 2011, this Court issued a second informational order, containing the notice and warning of requirements for opposing a defendant's motion to dismiss to Plaintiff. Doc. 21. On November 14, 2011, Defendant filed a motion to dismiss. Doc. 30. In order to address the time delay between providing notice and the filing of Defendant's motion, the Court issued an amended second informational order to Plaintiff, in accordance with *Woods*.

## III. Order Providing Plaintiff Option to (1) Stand on Existing Opposition or (2) File Amended Opposition Per Amended Second Informational Order and Notice

In light of the separately-issued amended second informational order and notice pursuant to *Woods*, the Court will provide Plaintiff with two options upon receipt of the notice and this order. Plaintiff may either (1) <u>stand</u> on his previously-filed opposition or (2) <u>withdraw</u> the existing opposition and <u>file an amended</u> opposition.

//
//
//
//
//

Accordingly, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff may elect to:
    a. <u>Stand</u> on his existing opposition already submitted to the Court; or
    b. <u>Withdraw</u> his opposition and <u>file an amended</u> opposition;
2. If Plaintiff does not elect to file an amended opposition in response to this order within **twenty-one (21) days**, the Court will consider his existing opposition in resolving Defendant's motion to dismiss;
3. If Plaintiff elects to file an amended opposition, the Court will not consider Defendant's existing reply; and
4. Defendant may file an amended reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated:   July 18, 2012

UNITED STATES MAGISTRATE JUDGE