1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12
13

| | |
|---|---|
| MICHAEL JASON WARE, | CASE NO. 1:10-cv-01113-AWI-GBC (PC) |
| Plaintiff, | **AMENDED SECOND INFORMATIONAL ORDER - NOTICE AND WARNING OF** |
| v. | **REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS** |
| ANIL GUPTA, et al., | |
| Defendants. | Docs. 21, 30 |
| _____/ | |

14

### I. Procedural History

15     On June 21, 2010, Plaintiff Michael Jason Ware ("Plaintiff"), a state prisoner proceeding pro

16  se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.

17     On June 10, 2011, the Court issued an order requiring Plaintiff to either file an amended

18  complaint or notify the Court of willingness to proceed on his cognizable Eighth Amendment claim

19  for deliberate indifference to medical need against Defendant Nurse Albano, for failing to treat

20  Plaintiff's hand after a basketball injury. Doc. 9. On June 21, 2011, Plaintiff notified the Court of

21  his willingness to proceed on his cognizable claim for Eighth Amendment deliberate indifference.

22  Doc. 10. On June 24, 2011, the Court dismissed Plaintiff's remaining claims and defendants Anil

23  Gupta and Director of Corrections. Doc. 14. On July 8, 2011, the Court issued a second

24  informational order, advising Plaintiff that Defendant may file an unenumerated 12(b) motion to

25  dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in

26  order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing

27  *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per

28  curiam)). Doc. 21. On November 14, 2011, Defendant filed a Motion to Dismiss for failure to

exhaust administrative remedies. Doc. 30. On November 29, 2011, Plaintiff filed an Opposition to Defendant's motion to dismiss. Doc. 31. On December 5, 2011, Defendant filed a Reply to Plaintiff's opposition. Doc. 32. On April 13, 2012, the Court issued Findings and Recommendations, recommending granting the Defendant's motion to dismiss, for failure to exhaust administrative remedies. Doc. 33. On April 30, 2012, Plaintiff filed Objections. Doc. 34.

## II. *Woods v. Carey* and Contemporaneous Notice

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). On July 8, 2011, this Court issued a second informational order, containing the notice and warning of requirements for opposing a defendant's motion to dismiss to Plaintiff. Doc. 21. On November 14, 2011, Defendant filed a motion to dismiss. Doc. 30. In order to address the time delay between providing notice and the filing of defendant's motion, the Court will issue this amended second informational order to Plaintiff, in accordance with *Woods.*

## III. Notice and Warning of Requirements for Opposing a Motion to Dismiss, for Failure to Exhaust Administrative Remedies, Pursuant to *Woods* and *Wyatt*

Pursuant to *Woods* and *Wyatt*, 315 F.3d at 1108, the Court hereby notifies Plaintiff of the following rights and requirements for opposing a motion to dismiss for failure to exhaust administrative remedies:

1. Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(l).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(l). <u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u> The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. *Id.*

3. Defendants have filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the complaint. The failure to exhaust the administrative

remedies is subject to an unenumerated Rule 12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20 (quoting *Ritza*, 837 F.2d at 368). If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the Court will grant the motion to dismiss. *Wyatt*, 315 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. *Jones v. Bock*, 549 U.S. 199, 219-224 (2007).  A dismissal for failure to exhaust is without prejudice. <u>Wyatt</u>, 315 F.3d at 1120.

        If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. *See* Fed. R. Civ. P. 43(c); *Ritza*, 837 F.2d at 369. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

        4.  Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

        5.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.


IT IS SO ORDERED.

Dated:     July 18, 2012

UNITED STATES MAGISTRATE JUDGE