# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JASON WARE,<br><br>             Plaintiff,<br><br>     v.<br><br>ANIL GUPTA, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:10-cv-01113-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO WITHDRAW EXISTING OPPOSITION AND FILE AMENDED OPPOSITION<br><br>Docs. 35, 37<br><br>TWENTY-ONE DAY DEADLINE |

**I. Procedural History**

On June 21, 2010, Plaintiff Michael Jason Ware ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June 10, 2011, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of willingness to proceed on his cognizable Eighth Amendment claim for deliberate indifference to medical need against Defendant Nurse Albano, for failing to treat Plaintiff's hand after a basketball injury. Doc. 9. On June 21, 2011, Plaintiff notified the Court of his willingness to proceed on his cognizable claim for Eighth Amendment deliberate indifference. Doc. 10. On June 24, 2011, the Court dismissed Plaintiff's remaining claims and defendants Anil Gupta and Director of Corrections. Doc. 14. On July 8, 2011, the Court issued a second informational order, advising Plaintiff that Defendant may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal,

Case 1:10-cv-01113-AWI -GBC   Document 38   Filed 07/31/12   Page 2 of 4

pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 21. On November 14, 2011, Defendant filed a Motion to Dismiss for failure to exhaust administrative remedies. Doc. 30. On November 29, 2011, Plaintiff filed an Opposition to Defendant's motion to dismiss. Doc. 31. On December 5, 2011, Defendant filed a Reply to Plaintiff's opposition. Doc. 32. On April 13, 2012, the Court issued Findings and Recommendations, recommending granting the Defendant's motion to dismiss, for failure to exhaust administrative remedies. Doc. 33. On April 30, 2012, Plaintiff filed Objections. Doc. 34.

## II. *Woods v. Carey* and Plaintiff's Request for Extension of Time

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss, as opposed to a year or more in advance. *Woods v. Carey*, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). On July 8, 2011, this Court issued a second informational order, containing the notice and warning of requirements for opposing a defendant's motion to dismiss to Plaintiff. Doc. 21. On November 14, 2011, Defendant filed a motion to dismiss. Doc. 30. In order to address the time delay between providing notice and the filing of Defendant's motion, on July 18, 2012, the Court issued an amended second informational order to Plaintiff, in accordance with *Woods*. Doc. 36. On the same date, July 18, 2012, the Court issued an order providing Plaintiff with the option to (1) stand on the existing opposition or (2) file an amended opposition per amended second informational order and notice. Doc. 35. On July 27, 2012, Plaintiff filed a motion requesting an extension of time to withdraw his existing opposition and file an amended opposition. Doc. 37. In Plaintiff's motion, he requested sixty days and stated he was unprepared. *Id.* The Court GRANTS Plaintiff's motion for extension of time to withdraw his existing opposition and file an amended opposition. However, the Court finds that a sixty day extension of time is unnecessary since this motion has been pending since November 14, 2011; the Court issued findings and recommendations on April 13, 2012; and Plaintiff does not provide any extenuating circumstances. Therefore, Plaintiff has **twenty-one (21) days** to withdraw his existing opposition and file an amended opposition to Defendant's motion to dismiss.


**III. Plaintiff's Request for Appointment of Counsel**

In Plaintiff's July 27, 2012 motion, Plaintiff also requested the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the District Court must evaluate both the likelihood of success of the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id*.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

//
//
//
//
//
//
//
//

## IV. Conclusion

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED, without prejudice;

2. Plaintiff's motion for extension of time to withdraw his existing opposition and file an amended opposition is GRANTED;

3. Plaintiff has **twenty-one (21) days** to withdraw his existing opposition and file an amended opposition to Defendant's motion to dismiss;

4. If Plaintiff does not elect to file an amended opposition in response to this order within **twenty-one (21) days**, the Court will consider his existing opposition in resolving Defendant's motion to dismiss;

5. If Plaintiff elects to file an amended opposition, the Court will not consider Defendant's existing reply; and

6. Defendant may file an amended reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated:   July 31, 2012

UNITED STATES MAGISTRATE JUDGE